108 F.3d 1380
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph E. TAYLOR, Petitioner-Appellant,
v.
Craig A. HANKS, Respondent-Appellee.
 No. 96-1056.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1997.*
Decided March 05, 1997.
 
 Before CUMMINGS, EASTERBROOK, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 An Indiana jury convicted Mr. Taylor of attempted voluntary manslaughter, burglary, two counts of criminal confinement, and battery.[1] He appealed to the Court of Appeals of Indiana asserting, among other things, that his trial counsel was ineffective. That court affirmed his conviction, and the Supreme Court of Indiana denied his petition to transfer. He then filed a petition for a writ of habeas corpus challenging the state appellate court's conclusion that his trial counsel rendered effective assistance. The district court denied his petition.
 
 
 2
 On appeal, he raises only his claim of ineffective assistance of counsel. He claims that counsel's performance was deficient in that he failed to: move for dismissal of the charges on the ground that the Information did not give him adequate notice; object to the jury instructions on the ground that they did not require the jury to find each essential element of the charged offenses in order to convict; and move for judgment of acquittal on the ground that the State failed to provide sufficient evidence of his guilt.
 
 
 3
 The Antiterrorism and Effective Death Penalty Act of 1996 amended the federal habeas corpus statute. Pub.L. No. 104-132, 110 Stat. 1214. We have held that the amendments apply to pending cases. Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996) (en banc), cert. granted, 117 S.Ct. 726 (1997). Given the challenge made, Mr. Taylor can secure a writ of habeas corpus only if he shows that the state appellate court's decision "was contrary to or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).
 
 
 4
 The state appellate court held that in order to prove his ineffective assistance of counsel claim, Mr. Taylor had to show both that counsel's performance fell below an objective standard of reasonableness and that this resulted in a trial that was fundamentally unfair or unreliable. Taylor v. Indiana, No. 22A01-9202-CR-44 at 4-5 (Ind.App.Ct. Sept. 22, 1993) (unpublished decision). This is a correct statement of the federal standard governing ineffective assistance of counsel claims. See Lockhart v. Fretwell, 506 U.S. 364, 369 (1993); Strickland v. Washington, 466 U.S. 668, 690-91 (1984).
 
 
 5
 The Court of Appeals of Indiana then applied this standard to each of Mr. Taylor's allegations of deficient performance. It found that he was not misled by the charges contained in the Information, and that it contained sufficiently clear allegations for him to mount a defense. Then it found that the jury was properly instructed on each essential element of each crime with which he was charged. Finally, it found that the evidence of his guilt--including his own testimony--was substantial and, therefore, sufficient to sustain his conviction. Based on these findings, the court concluded that counsel's performance did not fall below an objective standard of reasonableness because each objection or motion advocated by Mr. Taylor would have been meritless. It concluded that "Taylor's counsel cannot be deemed ineffective for failing to employ futile measures." Taylor, No. 22A01-9202-CR-44 at 21.
 
 
 6
 The Indiana appellate court reasonably applied Strickland and Lockhart to the facts of this case. Further, its decision was not contrary to clearly established federal law. Mr. Taylor has not pointed us to any case law to the contrary, nor has our independent research revealed any.[2] Therefore, we AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The state statutes that Mr. Taylor was convicted under are Indiana Code §§ 35-42-1-3 (voluntary manslaughter), 35-41-5-1 (attempt), 35-42-2-1 (burglary), 35-42-3-3 (criminal confinement), and 35-42-2-1 (battery)
 
 
 [2]
 Even under the old version of the federal habeas corpus statute, Mr. Taylor's petition would be denied. Mr. Taylor failed to establish that he is in custody in violation of his constitutional right to the effective assistance of counsel. Specifically, he failed to show that the performance of his trial counsel fell below an objective standard of reasonableness. Under Hamling v. United States, 418 U.S. 87 (1974), the charging instrument sufficiently informed him of the charges against which he was required to defend. Under Cabana v. Bullock, 474 U.S. 376 (1986), the jury instructions properly required the jury to find Mr. Taylor guilty of each element of each crime with which he was charged. Under Jackson v. Virginia, 443 U.S. 307 (1979), there was sufficient evidence (including Mr. Taylor's own testimony) with which to sustain the conviction. Thus, counsel's performance was not deficient for failing to protest these aspects of Mr. Taylor's trial